[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR MODIFICATION DATED JANUARY 8, 1993 (#215.00) MOTION FOR CONTEMPT #217.00)
This case comes to this court seeking a modification of a dissolution of marriage judgment. The judgment was rendered on January 2, 1991 by the Honorable Stanley Novack. The case came to him as a limited contested dissolution of marriage action. At the time of the dissolution, the husband was employed in a company called Hip Waters. Judge Novack found that his earnings in 1991 would be a minimum of $115,000.00. In fact, his tax return for 1991 Exhibit 5, indicates that his earnings for 1991 from wages and salaries was $84,214.00. In fact, the husband was terminated from Hip Waters and started his own business. In 1992 as shown on his tax return, he had earnings from wages and salaries of $49,745.00. In addition, he had some reimbursed business expenses for that period.
His financial affidavit on file with the court shows presently that his gross wages from employment are $1,000.00 per week. He shows on Exhibit 9 that his wages to May 31, 1993 were $20,483.36. CT Page 7167
In addition, the firm reimburses him for a car allowance of $350.00 per month; he has health insurance paid of $362.00 per month and he has disability insurance payments reimbursed of $53.80 per month. The club expenses at the Tamarac Club are reimbursed him on an annualized basis of about $10,000.00, (about $830.00 per month). This would give him income of about $5,900.00 gross per month. Annualized, this would put him at about $70,800.00 per year.
The wife has no income.
The court finds that the husband is entitled to relief based on his decreased earnings. The court finds that he has established by a fair preponderance of the evidence that he is entitled to a modification based on a substantial change in circumstances as provided in General Statutes 46b-86. The court has considered all of the evidence, all of the exhibits, the financial affidavits of the parties and all the pleadings in the case as well as the testimony of the parties. The court has also considered the child support statute and the child support guidelines in entering these orders. The court orders that:
(1) The child support remain the same at $1,000.00 per month as it meets the child support guidelines. This is based on this court's computation.
(2) The alimony is reduced to $1,185.00 per month.
(3) All orders are retroactive to March 1, 1993. The parties agreed that orders would be retroactive to at least March 1, 1993. The husband claims the order should be retroactive earlier than March 1, 1993. The court finds that service was not made pursuant General Statutes 46b-86 and, thus, it is not retroactive. Credits for payments made are to be given to the husband.
(4) The arrearage be determined by mutual agreement of the parties. If they are unable to agree, it is to be referred to Family Relations for mediation. If through mediation they are unable to agree, it is referred back to this court.
(5) The arrearage is to be paid at the rate of $200.00 per month until paid.
(6) All other claims for relief not addressed herein are rejected by this court. CT Page 7168
The Motion for Contempt #217.00 is denied. The court finds that the wife has not sustained her burden that there has been a wilful violation of a court order by his refusal to pay the alimony and child support as provided for in the judgment of the court.
The husband is to provide the wife a copy of his federal income tax return when he files it each year.
KARAZIN, J.